CANADIAN IMP. CO. v. COOPER et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1908.)

No. 203.

1. BROKERS—RIGHT TO COMMISSIONS—SALE MADE BY AGENT.

A broker employed to sell property at a fixed price is not deprived of his right to commissions because the purchaser was procured through the agency of another employed by him.

2. SAME—REVOCATION OF AUTHORITY—BAD FAITH OF PRINCIPAL.

Where brokers employed to sell bonds procured a purchaser who was ready and willing to take the bonds and disclosed his name to their principal, the latter cannot deprive them of their right to commissions by revoking their authority and itself making the sale to such purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 69.]

In Error to the Circuit Court of the United States for the Southern District of New York.

On writ of error to review a judgment entered May 6, 1907, upon the verdict of a jury in favor of the plaintiffs for $20,000.

Decker, Allen & Storm (Charles A. Decker, of counsel), for plaintiff in error.

Samuel Untermyer (Abraham Benedict, on the brief), for defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. This action was brought by the plaintiffs below to recover $20,000 for services as brokers in effecting a sale at par of two million dollars of bonds issued by the defendant, for the agreed commission of one per cent.

Error is assigned as follows:

First.—The court erred in refusing to grant the motion of counsel for the plaintiff in error at the close of the case, to dismiss the complaint on the ground that no connection of the plaintiffs, or the plaintiffs as a firm, was shown with the transactions proved.

Second.—The court erred in charging the jury:

"But a man, unless the agreement is specific to the contrary, may just as well employ some one else to do his work for him as do it all himself; he may just as well earn his commission by the labor of another whom he employs for that purpose as by his own direct personal acts."

Third.—The court erred in charging the jury:

"But if the option had expired because it had been taken away after the name of Blair & Co. had been divulged, that kind of an expiration of the option would not, in my judgment, deprive the plaintiffs of a recovery."

There was no error in refusing to dismiss the complaint on the ground that no connection of the plaintiffs with the transaction was shown. It is possible that there was sufficient uncertainty upon the subject to warrant the submission of the question to the jury but the court was clearly right in refusing to decide it as matter of law.

There was no error in the charge as quoted in the second assignment supra.

The language was used by the court in explanation of what immediately preceded it. The jury had just been told that if they found that the plaintiffs were the procuring cause of the sale of the bonds to Blair & Co. that such conclusion would be reached by finding that the work which procured the sale was "the labor of Anderson, one of the plaintiffs, in going to Luria, and Luria in going to Tobey and Tobey in communicating with Marston," of Blair & Co.

The broad language quoted must, therefore, be limited to the facts to which it evidently referred, and we know of no authority for holding that a broker, employed to procure a purchaser for property at a fixed price is, if he produces such purchaser, deprived of his commissions because he has employed assistants.

The quotation from the charge found in the third assignment of error, when taken in connection with the rest of the charge on the same subject, is, we think, entirely correct. The jury were instructed in substance, if they found that the plaintiffs had procured a purchaser ready and able to take the bonds and had disclosed his name to the defendant, that the latter could not, by revoking the plaintiffs' authority and selling the bonds itself to the purchaser, deprive the plaintiffs of their commissions.

In Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, the Court of Appeals, at page 384 (38 Am. Rep. 441), says:

"The right of the principal to terminate his authority is absolute and unrestricted, except only that he may not do it in bad faith, and as a mere device to escape the payment of the broker's commissions. Thus, if in the midst of negotiations instituted by the broker, and which were plainly and evidently approaching success, the seller should revoke the authority of the broker, with the view of concluding the bargain without his aid, and avoiding the payment of commissions about to be earned, it might well be said that the due performance of the obligation by the broker was purposely prevented by the principal."

We think no reversible error has been assigned and that the judgment should be affirmed with costs.