## CHARLES R. McCORMACK & CO. v. KEEVENY.

(Circuit Court of Appeals, Second Circuit. February 9, 1921.)

No. 149.

Brokers ☞66—Agreement to share commission with firm of which purchaser was a member held not to affect right to agreed commission.

A broker *held* not deprived of the right to his agreed commission for the sale of a ship, where he procured a purchaser who was accepted by his principal, because such purchaser was a member of a firm with which he had agreed to divide the commission, where the transaction was in good faith and the facts were known to the principal.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Eugene D. Keeveny against Charles R. McCormack & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

This case is here again after the retrial directed in Keeveny v. McCormack, in 266 Fed. 314. All of the facts stated in that report were again (in substance) proved. It now appears that by bill of particulars the plaintiff Keeveny specifically alleged that the ready, able, and willing purchaser by him procured was Theodore Dougherty.

There was evidence at this retrial tending to show that Dougherty was purchasing the vessel for himself and was able by the assistance of or through his firm of J. F. Whitney & Co. to procure the full purchase price of $460,000 when and as it became due. The court charged the jury in substance that it was for them to say whether, "when Dougherty's name was submitted by Whitney & Co. to [defendants below] they accepted him as the purchaser of this ship, and were willing to deal with him as being a man ready, willing, and able to perform the contract."

The jury by their verdict found in effect that defendants below had accepted Dougherty as such purchaser. There being a general verdict for plaintiff for the commissions claimed under the second cause of action (see 266 Fed. 315), judgment was entered accordingly, and McCormack & Co. brought this writ.

Wherry & Mygatt, of New York City (Frederick E. Mygatt and William M. Wherry, Jr., both of New York City, of counsel), for plaintiff in error.

John M. Gardner, of New York City, for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). At the last trial Keeveny gave evidence tending to prove that he had produced in the person of Dougherty, an American citizen who was ready, willing and able to pay defendant's price of $460,000, for the motor

ship City of St. Helens, and the jury so found. The foregoing would dispose of this writ, but for a point now first advanced in this court. Dougherty was admittedly a member of the firm of Whitney & Co., which firm, by an arrangement with Keeveny, was to get $10,000 out of the latter's commissions.

The fact appears to be that Keeveny procured the assistance of Whitney & Co. in his quest for a purchaser, and they charged him for the service, but that such charge was to be made was plainly well known to McCormack before Dougherty was offered, and no objection thereto was ever made. It is now said that this transaction made Whitney & Co., and therefore Dougherty, as much brokers for McCormack as was Keeveny; wherefore, when Keeveny produced Dougherty as the purchaser, the latter, by reason of his partnership in Whitney & Co., was prevented by law from qualifying as such.

When plaintiff rested, and again at the close of evidence, defendant moved for dismissal or direction on the ground that—

"When defendant found that his purchaser was his own broker, he was entitled to repudiate or refuse to carry out any negotiations on any prior offer which had been made."

This motion was denied over due exception and objection. The defense cannot prevail for several reasons.

First. Defendant never pleaded that Whitney & Co. were their brokers in whole or part. Keeveny's employment, and the production of any able, ready, and willing purchaser were fully denied; but we fail to discover any plea which said or suggested that Whitney & Co. had employment, express or implied, from McCormack.

Second. A broker may employ subagents or associate brokers, to whom he is pecuniarily responsible, and recover for what they accomplish, if good faith is present. Canadian Improvement Co. v. Cooper, 161 Fed. 279, 88 C. C. A. 325.

Third. Defendants did not prove that in respect of the Dougherty sale (as distinguished from the earlier attempt to sell to a French-controlled corporation) Whitney & Co., or any member of that firm, had any relation to defendant or Keeveny, other than that of a purchaser, with whom Keeveny had agreed to split his commission.

This, if done honestly, is lawful, even though the splitting be not disclosed to the principal. Hobart v. Sherburne, 66 Minn. 171, 68 N. W. 841, and other cases cited; 9 Corp. Jur. 571. In the present instance all was known to defendant below, and (disregarding all defects of pleading) we discover in the evidence nothing to cause even suspicion of wrong in act or intent.

Judgment affirmed, with costs.